UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMARIO A. MITCHELL,

        Petitioner,

v.                                          CASE NO. 04-CV-73559-DT
                                            HONORABLE PATRICK J. DUGGAN

JERI-ANN SHERRY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A STAY**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on MAY 12, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner Jamario A. Mitchell has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition attacks Petitioner's state convictions for first-degree murder, assault with intent to rob while armed, and felony firearm. The grounds for relief read:

1.    Conviction obtained by use of insufficient evidence.

2.    Petitioner's convictions were against the great weight of the evidence.

3.    Petitioner's conviction of felony murder must be reduced to second degree murder because the underlying felony, assault with intent to rob armed, is not one of the enumerated felonies within the statute.

Respondent urges the Court in a responsive pleading to deny the habeas petition for lack of merit.

Currently pending before the Court is Petitioner's motion to stay the proceedings. Petitioner seeks to "federalize" existing claims and to exhaust state remedies for other claims.

Federal district courts may stay a petitioner's exhausted claims and permit the petitioner to proceed in state court with unexhausted claims in limited circumstances. *Rhines v. Weber*, __ U.S. __, __, 125 S. Ct. 1528, 1535 (2005).  It is an abuse of discretion to deny a stay if the petitioner shows "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. He claims that he knows nothing about legal procedures and that he was forced to rely on a legal writer, who filed an incomplete and improper habeas petition.  Nevertheless, Petitioner has not specified the new claims that he seeks to raise in state court, nor shown "good cause" for failing to raise the unexhausted claims on direct appeal.  Furthermore, the claims that Petitioner seeks to "federalize" appear to lack merit or to be inherently state law claims.  The Court therefore concludes that stay and abeyance are not appropriate here.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for a stay of the proceedings is **DENIED**.

                                                                        _____
                                                                       s/PATRICK J. DUGGAN
                                                                       UNITED STATES DISTRICT JUDGE

Copies to:
Jamario A. Mitchell
#386239
Bellamy Creek Correctional Facility
1727 West Bluewater Hwy.
Ionia, MI   48846

Debra M. Gagliardi, Esq.