UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMARIO A. MITCHELL,

        Petitioner,

v.                                  Civil Case No. 04-73559
                                  Honorable Patrick J. Duggan

JERI-ANN SHERRY,

        Respondent,

_____/

**OPINION AND ORDER DENYING PETITIONER'S (1) MOTION FOR RELIEF FROM OPINION AND ORDER DENYING HABEAS CORPUS PETITION DATED FEBRUARY 9, 2006; AND (2) PETITIONER'S MOTION TO REHEAR MOTION TO REOPEN HABEAS CORPUS PROCEEDING**

On September 15, 2004, Petitioner Jamario A. Mitchell ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for Wayne County, Michigan in 2001.  Petitioner raised three grounds in support of his request for habeas relief: (I) his conviction was obtained by use of insufficient evidence; (II) his convictions were against the great weight of the evidence; and (III) his felony murder conviction must be reduced to second-degree murder because the underlying felony, assault with intent to rob armed, is not one of the enumerated felonies within the statute.  In an opinion and order entered February 9, 2006, this Court concluded that these grounds lacked merit and that Petitioner is not entitled to habeas relief.  On the same date, the Court entered a Judgment dismissing Petitioner's application for habeas relief with prejudice.  Petitioner appealed that decision and the

Sixth Circuit Court of Appeals denied Petitioner a certificate of appealability on October 13, 2006.

More than six years later, on December 3, 2012, Petitioner filed a motion to reopen his petition, which this Court denied in an opinion and order entered January 8, 2013. To the extent Petitioner's motion was filed pursuant to Federal Rule of Civil Procedure 60(b), the Court concluded that it was not timely filed.  To the extent Petitioner was seeking to assert a ground in support of his request for relief different than those raised in his original petition, the Court indicated that it would be required to construe the pleading as a second or successive petition and that he had to seek an order from the Sixth Circuit authorizing this Court to consider the petition.  28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Shortly after the Court issued its decision, Petitioner filed two additional motions: (1) a "motion for relief from opinion and order denying habeas corpus petition dated February 9, 2006, seeking order to reopen habeas petition under 28 U.S.C. § 2254(a)", filed January 11, 2013; and (2) a "motion to rehear motion to reopen habeas corpus proceeding", filed January 22, 2013.

As with his earlier motion, in his pending motions Petitioner fails to clearly articulate why he is entitled to relief from the Court's decision denying his request for habeas relief.  Petitioner again cites to Rule 60(b) in support of the motion filed January 11, 2013.  This Court plainly stated in its recent decision that such a motion is not timely.

2

The Court is not authorized to adjudicate any new ground(s) Petitioner may be asserting in support of his request for relief.

For these reasons,

**IT IS ORDERED**, that Petitioner's motion (ECF No. 41) for relief from opinion and order denying habeas relief is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion (ECF No. 43) to rehear motion to reopen habeas corpus proceeding is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court declines to issue a certificate of appealability with respect to these decisions.

Dated: February 20, 2013                                s/PATRICK J. DUGGAN
                                                        UNITED STATES DISTRICT JUDGE

Copies to:
Jamario A. Mitchell, #386239
Lakeland Correctional Facility
141 First Street
Coldwater, MI   49036

AAG Debra M. Gagliardi